## BENJAMIN HILTON vs. NATHAN HANSON.

When the debtor is sole seized of real estate which can be divided without injury to or spoiling the whole, a levy upon it must be made by metes and bounds, agreeably to the provisions of the st. of 1821, c. 60, § 27.

It is not every estate, the value of which may in some measure be diminished by a levy by metes and bounds, that falls within the provisions of the twenty-ninth section. The words, "other real estate, which cannot be divided without pr judice to or spoiling the whole," in that section, have reference to such other estate as would be injured in like manner, as a mill, mill privilege, or factory, would be by such levy, and not to real estate liable to some, but not to such kind of injury, by separating it by metes and bounds.

The Court cannot declare a levy void, merely because it appears to have been injudiciously made, as the determination of that question is entrusted by the statute to the appraisers, whose decision is conclusive on this point, unless they act fraudulently.

Nor can the Court presume that the appraisers have lent themselves as instruments to aid the creditor to perpetrate a fraud upon the rights of the debtor, however revolting to one's sense of justice the levy may appear; but such case, if it shall occur, must be presented to a jury for decision.

WRIT of entry in which a tract of land with part of a building in *Anson* was demanded. The demandant was the former owner of this tract and other land adjoining, and still claimed it as his. The tenant claimed the land under the levy of an execution thereon in his favor against the demandant. At the time of the levy there was on the land a building of two stories, having one room below used as a store with a door therein towards the street, the remainder of the house being occupied as a dwellinghouse. There was a door in front opening into the entry and a staircase in that entry. The levy was on four feet of land at the store end of the house, about four feet in front of the store, and running so as to include a foot of the, front door of the house, and extending back so as to include about three fourths of the store room and of the chamber over it, and a part of the entry near to the stairs, but not including them. There was a passage way levied upon from the store door to the street of four feet in width. No passage way was reserved to either party. The facts were agreed by the counsel, and the Court was authorized to render such judgment as the facts would warrant.

*Tenney* and *Bronson*, for the demandant, contended, that the levy was void, because it was made by metes and bounds, when it should have been upon the rents and profits. The course adopted in making the levy necessarily injured the whole estate, and thus shows this was not the legal mode.

It was void also, because there was no cause for making the levy in this manner, so as necessarily to injure the debtor. The creditor could have taken this course only from bad motives and to injure the other party, and it must show fraud upon its face, which avoids all levies. *St.* 1821, *c.* 60, § 28, 29.

*Boutelle*, for the tenant, said, that the language of the statute was imperative to set off by metes and bounds, when it can be done. There is nothing in the case to show, that there was fraud or oppression intended, or even that the creditor knew what portion of the property was assigned to him, until the return of the appraisers was made. The parties respectively had a way from necessity to their estate. *Taylor* v. *Townsend,* 8 *Mass. R.* 411. Levies made in quite as inconvenient manner as the present, have repeatedly been held good. *Hodge* v. *Drew,* 12 *Pick.* 141 ; *Buck* v. *Hardy,* 6 *Greenl.* 162; *Sturdivant* v. *Frothingham,* 1 *Fairf.* 100 ; *Allen* v. *Kincaid,* 2 *Fairf.* 155. The demandant was a man of large estate, and could at any time have redeemed the land, had he chosen.

The opinion of the Court was by

SHEPLEY J.— When the debtor is sole seized of real estate, which can be divided without injury to or spoiling the whole, it must be levied upon by metes and bounds agreeably to the provisions of the *stat. c.* 60, § 27. Nor is it every estate, the value of which may in some measure be diminished by such a levy, that falls within the provisions of the twenty-ninth section. The words " other real estate which cannot be divided without prejudice to or spoiling the whole " in that section have reference to such other estate, as would be injured in like manner as a mill, mill privilege, or factory, would be by such a levy. And not to real estate liable to some, but not to such kind of injury by separating a portion of it by metes and bounds. If this be not the true construction every debtor owning real estate would be liable to suffer

all the inconveniences and losses attendant upon an estate in common, whenever those making a levy should judge that his remaining estate would be prejudiced by levying on a part of it by metes and bounds. And it is not difficult to perceive, that this might very frequently happen.

The estates referred to in the twenty-eighth section were probably such as the debtor might be entitled to enjoy the rents and profits of only ; or such as the value consisted principally in the privileges and income annexed to them, as for instance acqueducts, works for lighting by gas, bridges, turnpikes, and canals when owned by an individual. It was however decided in the case of *Barber* v. *Root,* 10 *Mass. R.* 260, that the interest of the husband in the lands of the wife might be taken by a levy on the rents and profits. And that construction was admitted here in the case of *Sturdivant* v. *Frothingham,* 1 *Fairf.* 100.

Whatever may be the true construction of these provisions, there is nothing in this agreed statement to prove, that the estate levied on could not be divided and a portion set out by metes and bounds without prejudice to or spoiling the whole estate. It therefore only proves, that the levy was injudiciously, not illegally made. It appears to have been made in a manner very inconvenient for both parties, and probably in a manner prejudicial to the interests of both. It does not however appear to have been intended by the statute, that the question whether the levy would be prejudicial or not to the remaining estate should be taken from those appointed by law to make it, and who could examine the estate and decide that question, before they completed the levy ; and be transferred to a court having no such power conferred or opportunity afforded it for its proper exercise. The decision of those appointed to make the levy must be conclusive on this point unless they act fraudulently.

A case may perhaps be found so revolting to one's sense of justice as to afford strong evidence, that the appraisers lent themselves as instruments to aid the creditor to perpetrate a fraud upon the rights of the debtor. But the court can never presume that they have done so. Such a case, if one should ever arise, must be presented to a jury for decision.

*Plaintiff nonsuit.*